Filed on Demand

FILED

10 SEP 24 PM 3:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____________

COPY

COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
jrowe@cwclaw.com
JIE-MING CHOU (SBN 211346)
jchou@cwclaw.com
SCOTT M. McLEOD (SBN 242035)
smcleod@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for KINDER MORGAN ENERGY PARTNERS, L.P., KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SJO PLAx

CV10 7171

| | |
|---|---|
| YOUNAN SAFAR, LINDA SAFAR, Y & S ENTERPRISES, INC., , Plaintiffs, vs. KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC; and DOES 1 through 25, inclusive, Defendants. | CASE NO. NC043674 **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 (Federal Question)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Kinder Morgan Energy Partners, L.P.; Kinder Morgan Liquids Terminals LLC; and Kinder Morgan Tank Storage Terminals LLC (collectively, "Kinder Morgan") hereby remove to this Court the state Court action described below:

1. On August 20, 2010, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Younan Safar, Linda Safar, Y&S Enterprises, Inc., Plaintiffs vs. Defendants Kinder Morgan Energy Partners, L.P.; Kinder Morgan*

*Liquids Terminals LLC; and Kinder Morgan Tank Storage Terminals LLC, and DOES 1 through 25 inclusive, Defendants*, as case number NC043674, attached hereto as Exhibit A.

2. All Defendants answered the Complaint on September 23, 2010. A true and correct copy of the Answer is attached hereto as Exhibit B.

3. The first date upon which any of the Defendants had notice of the Federal claim was August 27, 2010, when Defendants Kinder Morgan Liquids Terminals LLC and Kinder Morgan Tank Storage Terminals LLC were served with copies of the said complaint and summonses from said State Court. Copies of the summonses are attached hereto as Exhibit C.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331m and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. §§9601 *et seq*. (CERCLA).

5. All Defendants join this Notice of Removal.

DATED: September 24, 2010

COOPER, WHITE & COOPER LLP

By: ______________________
Jie-Ming Chou
Attorneys for KINDER MORGAN ENERGY PARTNERS, L.P., KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC

# EXHIBIT A

REC'D AUG 3 0 2010

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 0 2010

John A. Clarke, Executive Officer/Clerk

By M. Sangalang, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):*** Kinder Morgan Energy Partners, L.P.; Kinder Morgan Liquids Terminals LLC; Kinder Morgan Tank Storage Terminals LLC; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** Younan Safar; Linda Safar; Y&S Enterprises, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Los Angeles
505 South Centre Street
San Pedro, CA 90731

CASE NUMBER: *(Número del Caso):* NC043674

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexis Galindo (SBN 136643) (562) 624-1177 (562) 624-1178
Curd, Galindo & Smith, LLP
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802

DATE: *(Fecha)* AUG 2 0 2010 John A. Clarke Clerk, by *(Secretario)* M.T. SANGALANG, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

CURD, GALINDO & SMITH, L.L.P.
ALEXIS GALINDO SBN 136643
301 East Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Telephone: (562) 624-1177
Facsimile: (562) 624-1178

Attorneys for Plaintiffs
YOUNAN SAFAR
LINDA SAFAR
Y & S ENTERPRISES, INC

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 0 2010

John A. Clarke, Executive Officer/Clerk

By M. Sangalang, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES - SOUTH DISTRICT**

| | |
|---|---|
| YOUNAN SAFAR,<br>LINDA SAFAR,<br>Y & S ENTERPRISES, INC,<br><br>Plaintiffs,<br><br>vs.<br><br>KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: NC043674<br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES:**<br><br>**1. Private Permanent Nuisance,**<br>**2. Private Continuing Nuisance**<br>**3. Continuing Trespass**<br>**3. Declaratory Relief,**<br>**4. Waste-Treble Damages**<br>**5. Equitable Indemnity**<br>**6. Waste-Treble Damages**<br>**7. Negligence**<br>**8. CERCLA**<br><br>**ASSIGNED TO:**<br>Dept:<br>Judge:<br><br>[Unlimited Civil Case] |

**COMES NOW YOUNAN SAFAR, LINDA SAFAR, andY & S ENTERPRISES, INC, AND ALLEGE:**



Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

## GENERAL ALLEGATIONS

A. *Parties and Jurisdiction.*

1. That the true names and capacities, whether individual, corporate, associate, governmental or otherwise of Defendants, Does 1 through 25, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by said fictitious names, and when the true names and capacities of said Defendants are ascertained, leave of Court will be sought to amend this Complaint to allege the true names and capacities of said Defendants. That the Plaintiff is informed and believe, and thereupon allege, that each of the Defendants, designated herein as a DOE is legally responsible in some manner or means for the events and happenings to the Plaintiff, as herein alleged, either through their conduct or through the conduct of their agents, servants, or employees, or due to their ownership, management, and/or maintenance of the facilities causing injuries and damages, or in some manner or means presently unknown to Plaintiff.

2. That at all times herein alleged, Plaintiff, Y & S ENTERPRISES, INC is a business entity doing business in the County of Los Angeles, State of California and YOUNAN SAFAR and LINDA SAFAR are individuals residing in the County of Los Angeles, State of California.

3. That at all times herein alleged, the Defendants, and each of them, were acting as the agents, servants, and employees of the other Defendants herein, and of each other, and were acting within the purpose and scope and authority of their employment or agency.

4. The Plaintiffs are informed and believe and based thereon allege that defendant, Kinder Morgan Energy Partners, L.P., is a limited partnership authorized to do business and is doing business in the State of California. Plaintiffs are informed and believe and based thereon

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

allege that Kinder Morgan Energy Partners, L.P. wholly owns Kinder Morgan Liquids Terminals LLC and Kinder Morgan Tank Storage Terminals LLC.

5. Plaintiffs are informed and believe and based thereon allege that defendant, Kinder Morgan Liquids Terminals LLC, is a limited liability company authorized to do business and is doing business in the State of California.

6. Plaintiffs are informed and believe and based thereon allege that defendant, Kinder Morgan Tank Storage Terminals LLC, is a limited liability company authorized to do business and is doing business in the State of California.

7. Jurisdiction and venue is appropriate in the Superior Court for the County of Los Angeles as the property which is the subject of this Complaint is located in the County of Los Angeles.

B. *The Use and Contamination of the Site by Defendant KINDER MORGAN.*

8. Plaintiffs are informed and believe and based thereon allege that Defendants that Kinder Morgan Energy Partners, L.P. , Kinder Morgan Liquids Terminals LLC and Kinder Morgan Tank Storage Terminals LLC (hereafter the "Kinder Morgan Defendants") owned and/or leased the real property located at 1313 and 1363 N. Gaffy Street, San Pedro, California, (hereafter the "Site") to operate and maintain approximately eleven (11) above-ground storage tanks along with associated above-ground and below-ground Pipelines, pumps, utility lines, warehouses and equipment. The Kinder Morgan Defendants used the Site primarily for storing petroleum products (hydrocarbons).

9. Plaintiffs allege that in February 2001, Kinder Morgan Liquids Terminals LLC began operating the Site which was previously owned by GATX Terminals Corporation.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Therefore, Plaintiffs allege that Kinder Morgan Liquids Terminals LLC, as successor in interest to GATX Terminals Corporation, is liable for all legal and equitable obligations owed to Plaintiffs by GATX Terminals Corporation as alleged in this Complaint.

10. Plaintiffs are informed and believe, and on that basis allege, that in the course of the Kinder Morgan Defendants' operations on the Site, the Kinder Morgan Defendants disposed, dumped, spilled, abandoned and/or released hydrocarbons and other hazardous materials (collectively "Pollutants") into and on the Site, contaminating both the soil, groundwater and adjacent real property owned by Plaintiffs, commonly known as 1441 N. Gaffy Street, San Pedro, CA, (herein the "Subject Property") since approximately 2001 to the present (during the operation of the Site by the Kinder Morgan Defendants), there have been spills of Pollutants, fires, and other similar incidents that have caused contamination at the Site and on to the Subject Property.

11. The State of California, Department of Toxic Substance Control has demanded that the Kinder Morgan entities formulate and carry out a work plan to investigate and characterize the condition of the soil and groundwater at the Site. The State of California, Department of Toxic Substance Control has also demanded that the Kinder Morgan entities perform environmental remediation of any contaminants in the soil and groundwater at the Site and the Subject Property. The Kinder Morgan entities have refused to perform such action, have denied liability, and claim that they have met their obligation to restore and remediate the Subject Property.

//

//

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

C. *Allegations of Alter Ego Liability.*

12. As alleged above, Kinder Morgan Liquids Terminals LLC ("KMLT") became the successor in interest to GATX Terminals Corporation, and KMLT is therefore liable for all legal and equitable obligations owed to Plaintiffs by GATX Terminals Corporation.

13. Plaintiffs are informed and believe and based thereon allege that Kinder Morgan Tank Storage Terminals LLC ("KMST") became the successor in interest to GATX Tanks Storage Terminals Corporation, Inc., and KMST is therefore liable for all legal and equitable obligations owed to Plaintiff by GATX Tanks Storage Terminals Corporation, Inc., as will be discussed in greater detail below in this Complaint.

14. Plaintiffs are informed and believe and based thereon allege that KMLT and KMST are both wholly owned subsidiaries of Kinder Morgan Energy Partners, L.P. ("KMEP").

15. Plaintiffs are informed and believe and based thereon allege that KMEP is a privately traded company that pays dividends to investors, whether through cash payments or additional shares of partnership units. Plaintiffs are informed and believe and based thereon allege that in order to maximize its dividends and protect its subsidiaries from paying large judgments, KMEP implements a practice of diverting cash assets from its subsidiaries to its parent companies. This diversion of funds occurs without providing consideration to the subsidiaries, and is designed to maximize payments to owners of the parent companies, while leaving the subsidiaries undercapitalized and without sufficient assets to cover their liabilities, such as costs to clean up contamination for which the subsidiaries are responsible.

16. Plaintiffs are informed and believe and based thereon allege that KMEP's partnership agreement requires it to distribute 100% of its available cash to its partners on a

quarterly basis. Plaintiffs allege that KMEP defines available cash as all cash receipts, less cash disbursements and changes in reserves. However, Plaintiffs further allege that KMEP has undercapitalized the amount of reserves necessary to pay its environmental liabilities.

17. Plaintiffs are informed and believe and based thereon allege that KMEP employs a centralized cash management program that concentrates the cash assets of its operating partnerships and their subsidiaries in joint accounts, and that KMEP places no restrictions on its ability to move cash between entities. Plaintiffs therefore allege that KMEP commingles its funds with that of its subsidiaries, including KMLT and KMST.

18. Plaintiffs are informed and believe and based thereon allege that KMEP, KMLT and KMST share the same attorney, and as evidenced by correspondence exchanged between Plaintiffs and KMEP, KMLT, and KMST, and their attorney and corporate officers use the letterhead of KMEP, KMLT, KMST, and other Kinder Morgan entities indiscriminately, thereby indicating that the entities are not disparate or separate.

19. Plaintiffs are informed, believe and thereon allege that there is a unity of interest and ownership between KMEP, KMLT and KMST. Plaintiffs are further informed and believe and thereon allege that KMEP exercises such control over the finances of KMLT and KMST that KMLT and KMST are merely instrumentalities, agencies, conduits or adjuncts of KMEP.

20. If the liabilities of KMLT and KMST are assigned to KMLT and KMST alone, and not shared by their parent KMEP, an inequitable result will follow. Allowing KMEP to divert assets from KMLT without also requiring it to assume KMLT's liabilities would promote injustice. Such a finding would deter the environmental clean up of the Subject Property and would allow the Kinder Morgan entities to have an unfair advantage over its competitors by

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

allowing it to shield itself from the costs of environmental clean ups necessarily associated with its business, while its competitors must bear such costs.

21. Accordingly, Plaintiffs allege that KMEP, KMLT and KMST are alter ego corporations, and all should be liable for the actions and obligations of the other. Plaintiffs additionally reserve the right to name additional DOE defendants as they are identified.

D. *Harm to Plaintiffs.*

22. To date, harm suffered by Plaintiffs includes the loss of more than several hundred thousand dollars to respond to, investigate and characterize the contamination of the Subject Property. Plaintiffs anticipate that future costs associated with the remediation of the Subject Property will exceed several million dollars.

23. Plaintiffs have incurred and during the pendency of this action will incur expenses for attorney's fees and costs (including, but not limited to, expert witness fees). Such attorney's fees and costs are necessary for the prosecution of this action. The exact sum of such fees and costs cannot be presently ascertained and Plaintiffs requests the court's permission to amend this claim for costs and fees when the amounts are finally determined.

24. The releases of Pollutants into the soil and in and below groundwater at the Site, onto surrounding property, to wit: the Subject property, has created a single indivisible harm.

25. Plaintiffs have also incurred damages in an amount according to proof associated with the future loss of use of the Subject property, loss of rent and loss of profits.

//

//

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

**FIRST CAUSE OF ACTION**

**PRIVATE PERMANENT NUISANCE**

**(AGAINST ALL DEFENDANTS)**

26. Plaintiffs re-allege and incorporate herein each and every allegation contained in paragraphs 1 through 25, inclusive.

27. By causing or permitting the releases or threatened releases of Pollutants into the soil and in and below groundwater of the Site, onto property surrounding the Subject Property, all Defendants are liable for causing, creating, maintaining or contributing to a private nuisance, as defined in Civil Code §§ 3479-3481, in that the releases have created a condition which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free use of property and which interferes with Plaintiffs' comfortable enjoyment of the Subject Property.

28. All Defendants caused or contributed to this private nuisance in the course of their profit making activity, and all benefited monetarily from the inexpensive but environmentally irresponsible methods of operating and maintaining the Site to the detriment of the Plaintiffs, whose Subject Property has been, and continues to be, adversely affected.

29. This nuisance also causes special injury to Plaintiffs in that the Pollutants are located upon the Subject Property and in and below the groundwater that underlies the Site and Subject Property. As a result, Plaintiffs have incurred, and will continue to incur, costs of response, investigation, characterization, remediation, abatement and removal of the Pollutants.

30. This is both a permanent nuisance as it perhaps may not be abated and remediated at a reasonable cost.

31. As a direct and proximate result of the continuing private nuisance on the Subject Property caused by all Defendants, Plaintiffs have been injured, incurring the costs and suffering the harm alleged above, in an amount according to proof.

**SECOND CAUSE OF ACTION**

**CONTINUING PRIVATE NUISANCE**

**(AGAINST ALL DEFENDANTS)**

32. Plaintiffs re-allege and incorporate herein each and every allegation contained in paragraphs 1 through 31, inclusive.

33. By causing or permitting the releases or threatened releases of Pollutants into the soil and in and below groundwater of the Site and onto surrounding property, the Subject Property, all Defendants are liable for causing, creating, maintaining or contributing to a private nuisance, as defined in Civil Code § 3479-3481, in that the releases have created a condition which is injurious to health, or is indecent or offensive to the senses, or is an obstruction to the free use of property and which interferes with Plaintiffs' comfortable enjoyment of the Site and surrounding property.

34. Defendants' actions have caused injury to Plaintiffs in that the Pollutants are located upon the Site and in and below the groundwater that underlies the Subject Property. As a result, Plaintiffs have incurred, and will continue to incur, costs of response, investigation, characterization, remediation, abatement and removal of the Pollutants.

35. The releases of Pollutants into the soil and in and below groundwater at the Site and surrounding property onto the Subject Property, have commingled to create a single indivisible harm to the Subject Property.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

36. All Defendants are strictly liable for abatement of the single indivisible endangerment to private property and the environment.

37. This is a continuing nuisance as it is subject to abatement and remediation.

38. As a direct and proximate result of the continuing private nuisance on the Site and surrounding Subject Property, caused by Defendants, Plaintiffs have been injured, incurring the costs and suffering the harm alleged above, in an amount according to proof.

**THIRD CAUSE OF ACTION**

**CONTINUING TRESPASS**

**(AGAINST ALL DEFENDANTS)**

39. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 38, inclusive.

40. Plaintiffs are informed and believe and on that basis allege that all Defendants have caused or permitted the unauthorized release, dumping, disposal and abandonment of Pollutants resulting in a physical invasion of the Subject Property (both soil and groundwater).

41. Such physical invasion of the Subject Property has interfered with Plaintiffs' possession and use of the Subject property, thereby constituting a trespass.

42. Defendants' conduct has been carried on in conscious disregard of the use and enjoyment of the Site. Because the trespass is subject to abatement and remediation, it is a continuing trespass which can be and must be abated and cleaned up by the Defendants.

43. This disposal, release, dumping and abandonment of Pollutants by the Defendants have proximately and directly caused harm to Plaintiffs as alleged.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

**FOURTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(AGAINST ALL DEFENDANTS)**

44. Plaintiffs re-allege and incorporate herein each and every allegation contained in paragraphs 1 through 43 of this complaint.

45. An actual controversy has arisen and now exists between Plaintiffs and all Defendants concerning the parties' respective obligations and liabilities arising from the presence of Pollutants at the Subject Property, and the hazard to the Plaintiffs and environment posed by these substances.

46. Plaintiffs contend and all Defendants deny that:

(a) As between Plaintiffs and Defendants, any legal liability which has been, is now, or may in the future be asserted by any individual or entity, private or private, arising from or related to the presence of the Pollutants on the Site and surrounding Subject Property (including soil and groundwater), is the responsibility of Defendants.

(b) As between Plaintiffs and Defendants, any violations of local, state, or federal law arising from or related to the presence of Pollutants on the Site and surrounding Subject Property (including soil and groundwater), is Defendants' responsibility.

(c) As a result, all Defendants are obligated to collectively indemnify Plaintiffs in full for all sums which Plaintiffs has expended and in the future will expend to remediate the Subject

Property and to indemnify Plaintiffs in full for all sums Plaintiffs may be compelled to pay as a result of any violations, penalties, judgments, orders, and any other regulatory or legal actions arising from or related to the presence of the Pollutants on the Subject Property.

47. Judicial determination of the liability of the Defendants is necessary and appropriate at this tine in order that Plaintiffs may ascertain its rights against all Defendants. Unless declaratory relief is granted, it will be necessary for Plaintiffs to commence many successive actions against the Defendants to secure compensation for the costs incurred and harm sustained, thus requiring a multiple Plaintiffs of suits.

48. Plaintiffs are entitled to a judicial declaration that:

(a) As between Plaintiffs and the Defendants, each Defendant is solely liable in any legal or administrative actions which have been brought or may be brought by any private persons concerning or related to the presence of Pollutants on the Site and surrounding property (including soil and groundwater) or the East Basin Channel.

(b) As between Plaintiffs and the Defendants, each Defendant is solely liable in any legal or administrative actions concerning the Pollutants on the Subject Property which have been brought or may be brought by any federal, state, regional or local governmental agency.

(c) In the event that Plaintiffs are adjudged liable for any or all relief requested in any judicial or administrative action, related to the presence of Pollutants on the Subject Property brought against Plaintiffs by any persons or entities, private or private, such liability is purely secondary, imputed, or technical. Primary and actual liability attaches to each Defendant, and is a direct and proximate result of the acts and omissions of each Defendant.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

(d) All Defendants are collectively liable to Plaintiffs to contribute to and reimburse Plaintiffs, or in the alternative, to indemnify Plaintiffs, for all damages and costs suffered by Plaintiffs as a result of the presence of Pollutants on the Subject Property, including, but not limited to, the costs required to determine the extent of the contamination caused by the Pollutants, the costs to determine how to cleanup, and to implement such cleanup of the Pollutants, costs or damages awarded in legal or administrative actions, costs of compliance with any judicial or administrative order, and litigation expenses including costs and attorney's fees.

**FIFTH CAUSE OF ACTION**

**EQUITABLE INDEMNITY**

**(AGAINST ALL DEFENDANTS)**

49. Plaintiffs re-allege and incorporate herein each and every allegation contained in paragraphs 1 through 48 of this complaint.

50. The Pollutants contaminating the Site and surrounding Subject Property (including soil and groundwater) were released by the Defendants during the course of the Defendants' activities and operations conducted at the Site.

51. Plaintiffs have incurred, and will continue to incur, substantial costs to respond to, investigate and eventually remediate the Pollutants released by the Defendants at the Subject Property.

52. The Defendants have failed and continue to fail to indemnify Plaintiffs for the losses Plaintiffs have incurred and will continue to incur in order to respond to, investigate and eventually remediate the Pollutants released by the Defendants at the Subject Property.

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

53. Plaintiffs are entitled to full equitable indemnity from the Defendants for all costs previously or presently incurred, or that may be incurred in the future, by Plaintiffs to respond to, investigate, assess, and remediate, the Pollutants released by the Defendants at the Subject Property.

**SIXTH CAUSE OF ACTION**

**WASTE - TREBLE DAMAGES**

**(AGAINST ALL DEFENDANTS)**

54. Plaintiffs re-allege and incorporate herein each and every allegation contained in paragraphs 1 through 53, inclusive.

55. The release of Pollutants on and into the Subject property, as set forth above, so diminishes the value of the Subject Property as to constitute waste perpetrated by Defendants, and each of them.

56. As a direct and proximate result of the release of Pollutants resulting from Defendants' misconduct, Plaintiffs have suffered damages, including actual response costs of investigating and mitigating the Pollutants that have been incurred by Plaintiffs and will be incurred in the future, permanent injury to the Subject Property, diminution in value of the Subject Property, interference with Plaintiffs' ability to fully enjoy the Subject Property in a manner consistent with Plaintiffs' right as owner, and other consequential, incidental and general damages.

57. Plaintiffs are still investigating the magnitude of the damage caused by Defendants' conduct alleged herein and cannot presently ascertain the exact amount of such damages and therefore seeks recovery according to proof at trial.

58. Further, pursuant to section 732 of the California Code of Civil Procedure, Plaintiffs seeks treble the amount of its actual damages from Defendants and each of them.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

59. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 58, inclusive.

60. Defendants and each of them had a duty to Plaintiffs to exercise due care in controlling, maintaining and operating the Site, and in storing, handling and disposing of hydrocarbons and other contaminants that Defendants brought onto and stored on the Site.

61. Defendants and each of them failed to exercise their duty of care by negligently maintaining their pipelines, storage tanks and other devices used to store and move hydrocarbons, and by negligently releasing, dumping, disposing of, allowing to leak, and/or abandoning hydrocarbons and other contaminants on, in and around the Site.

62. Plaintiffs are informed and believe and allege that the release, dumping, disposal and abandonment of contaminants by Defendants and each of them proximately caused the Subject Property's Pollution and resulting damage to Plaintiffs, as alleged, in an amount which Plaintiffs cannot presently ascertain, but estimates such damage is in excess of several million dollars.

//

//

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

**EIGHTH CAUSE OF ACTION**

**CERCLA**

**(AGAINST ALL DEFENDANTS)**

63. Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 62 as though fully set forth.

64. Plaintiffs are informed and believe, and on that basis allege, that Defendants transported or arranged for transport of hazardous substances which it owned or possessed to the Site, and stored, treated, and disposed of hazardous substances at the Site, and otherwise owned and operated the Site during the time that hazardous substances were disposed of at the Site. Defendants are thereby jointly and severally liable under section 107(a) of CERCLA, 42 U.S.C.A. § 9607(a).

65. Plaintiffs are informed and believe, and on that basis allege, that the Site is a facility, as that term is defined in CERCLA, 42 U.S.C.A. § 9601(9).

66. Plaintiffs are informed and believe, and on that basis allege, that a release or threatened release of a hazardous substance, as those terms are defined in CERCLA, at title 42, sections 9601(22) and (14), has occurred at the Site onto the Subject Property.

67. Plaintiffs did not cause or contribute to the environmental contamination at the Site or Subject Property and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the Subject Property.

68. Plaintiffs did not cause or contribute to the environmental contamination at the Site and/or Subject Property and denies that it is liable for costs incurred as the result of the alleged release or threatened release of hazardous substances at the Subject Property. However,

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

if it is determined that plaintiff is liable for any costs, then Plaintiffs may incur future costs in response to the release or threatened release of hazardous substances from the Site.

68. Defendants are strictly liable to Plaintiffs for the costs referred to above and for interest on those costs pursuant to 42 U.S.C.A. § 9607(a).

69. This action arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), title 42, sections 9601 et seq. of United States Code, as amended by the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499, 100 Stat. 1613 (1976), and Health & Saf. Code § 25363, subd. (e).

70. All of plaintiffs' claims for relief contained in this complaint arise out of the same transaction and occurrence as the claim asserted under CERCLA.

71. This court has jurisdiction of this action pursuant to 42 U.S.C.A. § 9613(b), 28 U.S.C.A. § 1331, and principles of supplemental jurisdiction.

PRAYER

WHEREFORE, Plaintiffs prays for judgment against all Defendants as follows:

*Equitable Relief*

1. For a declaration of this Court that all Defendants are liable for all costs incurred by Plaintiffs to investigate, remediate and abate the release of Pollutants on the Subject Property;

2. For a declaration that Plaintiffs is entitled to equitable indemnity from all Defendants for all costs incurred by Plaintiffs for investigation, characterization, abatement, remediation, and removal of the Pollutants on the Subject Property;

Curd, Galindo & Smith, L.L.P.
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Ph: (562) 624-1177
Fx: (562) 624-1178

3. For a declaration that KMEP, KMLT and KMST have alter ego liability for each corporation,

4. For restitution of costs incurred by Plaintiffs to investigate, characterize, abate, remediate and remove the Pollutants at the Subject Property;

5. For injunctive relief ordering Defendants to abate and clean up the Pollutants the Defendants have disposed of, released, dumped and abandoned on the Subject Property;

6. For retention of jurisdiction of the action by the Court after entry of the requested declaratory judgment for the purpose of granting further relief as may be necessary or proper to effectuate the declaration of the Court;

*Legal Relief- Jury Trial Demanded*

7. For damages incurred by Plaintiffs in an amount according to proof associated with the Pollutants the Defendants have disposed of, released, dumped and abandoned on the Subject Property;

8. For treble damages caused by Defendants' waste pursuant to Code of Civil Procedure section 732;

*Other Relief*

9. For costs of suit and expenses;

10. For attorneys' fees;

11. For prejudgment interest as provided by law;

12. For such other and further relief as this court deems just and proper.

**CURD, GALINDO & SMITH, LLP**

Alexis Galindo
Attorney for Plaintiffs

# EXHIBIT B

EXHIBIT B

COOPER, WHITE & COOPER LLP
BARRY R. OGILBY (SBN 118133)
bogilby@cwclaw.com
JILL B. ROWE (SBN 197713)
jrowe@cwclaw.com
SCOTT M. McLEOD (SBN 242035)
smcleod@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for KINDER MORGAN ENERGY PARTNERS, L.P., KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC

BY FAX

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 23 2010

John A. Clarke, Executive Officer/Clerk

By M. Sangalang, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—SOUTH DISTRICT

| | |
|---|---|
| YOUNAN SAFAR, LINDA SAFAR, Y & S ENTERPRISES, INC., , <br><br> Plaintiffs, <br><br> vs. <br><br> KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC; and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO. NC043674 <br><br> **ANSWER OF KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN LIQUIDS TERMINALS LLC; AND KINDER MORGAN TANK STORAGE TERMINALS LLC** <br><br> Action Filed: August 20, 2010 <br> Trial Date: None Set |

Defendants Kinder Morgan Energy Partners, L.P., Kinder Morgan Liquids Terminals LLC, and Kinder Morgan Tank Storage Terminals LLC (collectively, "Defendants") hereby answer the Complaint in the above-captioned matter as follows:

## GENERAL DENIAL

Defendants generally deny each and every allegation of the Complaint and further deny that Plaintiffs have been damaged in the manner or amount alleged or in any manner or amount at all by reason of any act or omission to act by Defendants and further deny that Plaintiffs are

entitled to any of the remedies requested.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because they fail, in whole or in part, to state facts sufficient to constitute any cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

2. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because there is no proximate or actual causal connection between any conduct of Defendants and any alleged loss, damages and/or injury which Plaintiffs have sustained, if any.

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiffs Damaged by Own Acts)**

3. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because Plaintiffs have been damaged, if at all, by virtue of their own acts and omissions.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred by the applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343, as well as any other statutes of similar effect.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred by the doctrine of laches.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because, by reason of Plaintiffs' actions, representations, conduct and/or omissions, Plaintiffs have waived each and every alleged cause of action, remedy, and/or other rights against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

8. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because Plaintiffs are estopped to assert each cause of action, remedy, and/or other right against Defendants by reason of Plaintiffs' own actions, representations, promises, conduct and/or omissions.

**NINTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

9. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because Plaintiffs did not exercise ordinary care, caution and prudence in connection with the transactions and events alleged within the Complaint and because Plaintiffs' lack of care, caution and prudence were independent and unrelated to the actions, if any, of Defendants and because Plaintiffs directed, ordered approved and/or ratified the alleged wrongful acts alleged in the Complaint. Plaintiffs are therefore barred from recovery against Defendants, or, alternatively, Plaintiffs should have their recovery, if any, proportionately reduced.

**TENTH AFFIRMATIVE DEFENSE**

**(Fault of Others)**

10. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because the losses, damages and/or injuries alleged by Plaintiffs, if any, were proximately caused by the fault of persons or entities other than Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

11. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because Plaintiffs failed to take reasonable action to mitigate the alleged injuries, damages and/or losses set forth in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Contractual or Other Obligation to Clean Up Other Parties' Contamination)**

12. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, Defendants have no obligation, whether contractual or otherwise, with regard to contamination of the Subject Property not caused by the operations of Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment of Damages)**

13. As a defense to any and all causes of action alleged against Defendants, and to the Complaint in its entirety, they are barred because Plaintiffs' damages, if any, were caused in whole or in part by Plaintiffs and/or third parties over whom Defendant had no control and Plaintiffs' damages should be reduced by the percentage of harm attributable to the acts of those third parties and/or Plaintiffs and an appointment as to fault should be made as to reduce the damages awarded Plaintiffs, if any, by that portion of fault attributable to the actions of said parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Permanent Nuisance - Abatement)**

14. As a defense to the Permanent Nuisance cause of action, any nuisance caused by any release of hazardous substances from the Site onto the Subject Property, an allegation which Defendants dispute, can be remedied or abated at a reasonable cost and within an ascertainable time period.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waste – No Treble Damages)**

15. As a defense to the Waste cause of action, Plaintiffs are not entitled to treble damages or any damages because they do not fall within the class of persons entitled to damages under Code of Civil Procedure section 732.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(CERCLA - Exclusive Federal Jurisdiction)**

16. As a defense to the CERCLA cause of action, United States district courts have exclusive original jurisdiction over all controversies arising under CERCLA, without regard to the citizenship of the parties or the amount in controversy. 42 U.S.C. 9613(b).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(CERCLA - No Release)**

17. As a defense to the CERCLA cause of action, no actual or threatened "release" of a hazardous substance from the Site onto the Subject Property has occurred within the meaning of CERCLA. 42 U.S.C. § 9601(22).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(CERCLA – Petroleum Exemption)**

18. As a defense to the CERCLA cause of action, to the extent that a release or threatened release of a "hazardous substance" as alleged in the complaint involves petroleum hydrocarbons, the claim is barred under CERCLA, which excludes petroleum from the definition of a CERCLA hazardous substance. 42 U.S.C. § 9601(14).

**NINETEENTH AFFIRMATIVE DEFENSE**

**(CERCLA – Statute of Limitations)**

19. As to the CERCLA cause of action, some or all of the costs Plaintiffs allege to have incurred to respond to, investigate, and characterize the contamination of the Subject Property are barred by the statute of limitations applicable to CERCLA cost recovery claims. 42 U.S.C. § 9613(g)(2).

**TWENTIETH AFFIRMATIVE DEFENSE**

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

**(CERCLA – Costs Not Consistent with National Contingency Plan)**

20. As to the CERCLA cause of action, the costs Plaintiffs allege to have incurred to respond to, investigate, and characterize the contamination of the Subject Property were not consistent with the National Contingency Plan, and hence cannot be recovered under CERCLA. 42 U.S.C. § 9607(a).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(CERCLA – Costs Not Necessary)**

21. As to the CERCLA cause of action, the costs Plaintiffs allege to have incurred to respond to, investigate, and characterize the contamination of the Subject Property do not constitute necessary costs of response, and hence are not recoverable under CERCLA. 42 U.S.C. § 9607(a).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(CERCLA – Acts of God)**

22. As to the CERCLA cause of action, any release of a hazardous substance from the Site onto the Subject Property, an allegation which Defendants dispute, would have been caused by an act or acts of God. 42 U.S.C. § 9607(b)(1).

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(CERCLA – Acts of Third Parties)**

23. As to the CERCLA cause of action, any release of a hazardous substance from the Site onto the Subject Property, an allegation which Defendants dispute, would have been caused by an act or omission of a third party other than an employee or agent of the Defendants, and other than a person whose act or omission occurred in connection with a contractual relationship with the Defendants; the Defendants exercised due care with respect to the hazardous substances concerned and took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; the Defendants therefore are not liable to Plaintiffs under CERCLA. 42 U.S.C. § 9607(b)(3).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(CERCLA – Plaintiffs Are PRP's)**

24. Plaintiffs cannot hold Defendants jointly and severally liable under CERCLA for costs, losses, and damages based on harm alleged in the complaint due to the fact that Plaintiffs themselves are potentially responsible parties under CERCLA, 42 U.S.C. § 9607(a), based on their status as the current owners and operators of the Subject Property.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(CERCLA – Failure to Mitigate)**

25. As to the CERCLA cause of action, to the extent any release of a hazardous substance has occurred from the Site onto the Subject Property, Plaintiffs' failure to take reasonable measures to timely address any contamination would have contributed to the migration of the contamination, if any, and increased the cost of any subsequent investigation or remediation.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(CERCLA – Separate and Divisible Harm Caused by Current and Former Site Owners of Subject Property)**

26. As to the CERCLA cause of action, if Defendants are ultimately determined by the Court to be responsible under CERCLA for any loss, costs, or damages based on harm alleged in the complaint, they cannot be subject to joint and several liability due to the fact that any harm resulting from the release of hazardous substances from the Site onto the Subject Property, an allegation which Defendants dispute, is completely separate and divisible from any harm resulting from releases of hazardous substances associated with activities conducted directly on the Subject Property by current and former site owners and operators, including without limitation the operation of an auto body shop by Plaintiffs.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(CERCLA – Separate and Divisible Harm Caused by Third Parties)**

27. As to the CERCLA cause of action, if Defendants are ultimately determined by the Court to be responsible under CERCLA for any loss, costs, or damages based on harm alleged in the complaint, they cannot be subject to joint and several liability due to the fact that any harm resulting from the release of a hazardous substance from the Site onto the Subject Property

attributable to Defendants, an allegation which Defendants dispute, is completely separate and divisible from any harm resulting from the release of a hazardous substance from the Site onto the Subject Property attributable to third parties whose operations on the Site preceded those of Defendants.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(CERCLA – Indemnity and Contribution)**

28. As to the CERCLA cause of action, if Defendants are ultimately determined by the Court to be responsible under CERCLA for any loss, costs, or damages based on harm alleged in the complaint, third parties are liable to Defendants for contribution and indemnity under CERCLA, 42 U.S.C. § 9607(e) and 42 U.S.C. § 9613(f)(1), for all or a portion of the loss, costs, or damages.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(CERCLA – Apportionment of Damages)**

29. As to the CERCLA cause of action, if Defendants are ultimately determined by the Court to be responsible under CERCLA for any part of the loss, costs, or damages based on harm alleged in the complaint, the share of responsibility attributed to Defendants must be compared with that of Plaintiffs and other third parties, with any recoverable damages equitably apportioned among all responsible parties.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(CERCLA – Failure to Serve Government)**

30. As to the CERCLA cause of action, and based on the absence of a pleading allegation in the complaint, the cause of action is barred because Plaintiffs failed to provide a copy of the complaint to the U.S. Attorney General and to the Administrator of the U.S. Environmental Protection Agency, as is required under 42 U.S.C. § 9613(l) when a private party action is filed under CERCLA in a court of the United States.

WHEREFORE, Defendants request:

1. That Plaintiffs take nothing by way of their Complaint;

2. For costs of suit herein, including reasonable attorneys' fees to the extent permitted by contract or by law; and

3. For such other and further relief as this Court deems just and proper.

DATED: September 23, 2010

COOPER, WHITE & COOPER LLP

By: [signature]

Jill B. Rowe
Attorneys for KINDER MORGAN ENERGY PARTNERS, L.P., KINDER MORGAN LIQUIDS TERMINALS LLC; KINDER MORGAN TANK STORAGE TERMINALS LLC

## PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On September 23, 2010, I served the following document(s): **ANSWER OF KINDER MORGAN ENERGY PARTNERS, L.P.; KINDER MORGAN LIQUIDS TERMINALS LLC; AND KINDER MORGAN TANK STORAGE TERMINALS LLC** on each of the parties listed below at the following addresses:

| | |
|---|---|
| Alexis Galindo<br>Curd, Galindo & Smith, L.L.P.<br>301 East Ocean Blvd., Suite 1700<br>Long Beach, California 90802 | **Attorneys for Plaintiffs Younan Safar, Linda Safar, Y & S Enterprises, Inc.**<br>Telephone: (562) 624-1177<br>Facsimile: (562) 624-1178 |

**BY MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 23, 2010, at San Francisco, California.

Cathie Coyle

# EXHIBIT C

EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court
AUG 20 2010
John A. Clarke, Executive Officer/Clerk
By M. Sangalang, Deputy

**NOTICE TO DEFENDANT:** Kinder Morgan Energy Partners,
***(AVISO AL DEMANDADO):*** L.P.; Kinder Morgan Liquids Terminals LLC; Kinder Morgan Tank Storage Terminals LLC; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Younan Safar; Linda
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** Safar; Y&S Enterprises, Inc.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Los Angeles
505 South Centre Street

San Pedro, CA 90731

CASE NUMBER: *(Número del Caso):* NC043674

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexis Galindo (SBN 136643) (562) 624-1177 (562) 624-1178
Curd, Galindo & Smith, LLP
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802

DATE: *(Fecha)* AUG 20 2010 John A. Clarke Clerk, by *(Secretario)* M.T. SANGALANG, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Kinder Morgan Tank Storage Terminals LLC

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify)*: United Liability Company

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** Kinder Morgan Energy Partners,
***(AVISO AL DEMANDADO):*** L.P.; Kinder Morgan Liquids Terminals LLC; Kinder Morgan Tank Storage Terminals LLC; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Younan Safar; Linda
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** Safar; Y&S Enterprises, Inc.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 0 2010

John A. Clarke, Executive Officer/Clerk

By M. Sangalang, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court, County of Los Angeles
505 South Centre Street

San Pedro, CA 90731

CASE NUMBER: *(Número del Caso):* NC043674

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexis Galindo (SBN 136643) (562) 624-1177 (562) 624-1178
Curd, Galindo & Smith, LLP
301 E. Ocean Boulevard, Suite 1700
Long Beach, CA 90802

DATE: AUG 2 0 2010 John A. Clarke Clerk, by M.T. SANGALANG, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: Kinder Morgan Liquids Terminals LLC

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [X] other *(specify)*: United Liability company

4. [ ] by personal delivery on *(date)*:

Page 1 of 1

# PROOF OF SERVICE

I am a resident of the State of California. I am over the age of eighteen years, and not a party to this action. My business address is 201 California Street, Seventeenth Floor, San Francisco, California 94111-5002.

On September 24, 2010, I served the following document(s): CIVIL CASE COVER SHEET; AND NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 (FEDERAL QUESTION) on each of the parties listed below at the following addresses:

| | |
|---|---|
| Alexis Galindo<br>Curd, Galindo & Smith, L.L.P.<br>301 East Ocean Blvd., Suite 1700<br>Long Beach, California 90802 | **Attorneys for Plaintiffs Younan Safar, Linda Safar, Y & S Enterprises, Inc.**<br>Telephone: (562) 624-1177<br>Facsimile: (562) 624-1178 |

**BY MAIL**: I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On the date specified above, as to each of the parties identified in the above service list, a true copy of the above-referenced document(s) were placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid; and on that same date that envelope was placed for collection in the firm's daily mail processing center, located at San Francisco, California following ordinary business practices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 24, 2010, at San Francisco, California.

Cathie Coyle

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV10- 7171 SJO (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.